UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ROGEL, Individually and as
Trustee of the Richard H. Rogel Revocable
Living Trust

          CIVIL CASE NO. 06-10183

      Plaintiff,

v.             HONORABLE PAUL V. GADOLA
              U.S. DISTRICT JUDGE

MAX DUBRINSKY, Individually and as
Trustee of the Max Dubrinsky Living Trust,
*et al.*,

      Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

Now before the Court are Defendant's motion for summary judgment [docket entry #4], Plaintiff's motion for summary judgment [docket entry #6], Magistrate Judge R. Steven Whalen's report and recommendation regarding these motions, Defendants' objections, Plaintiff's response, and the supplemental filings of each side. The magistrate judge's report and recommendation recommended that this Court grant Plaintiff's motion for summary judgment and that Defendant's motion for summary judgment be denied.

The Court previously accepted and adopted the report and recommendation as the opinion of this Court absent any objections from either party. Subsequently, Defendants filed objections, arguing that under a proper calculation of the time allowed for such objections, they were timely filed. Defendants filed a motion for reconsideration [docket entry #15] of the order accepting and adopting the report and recommendation and filed a motion to set aside [docket entry #14] that

order. Because the Court finds that Defendants' objections were timely filed, the Court will grant Defendants' motions to reconsider and set aside the previous order of the Court.

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

Here, because the Court now considers Defendants' objections as timely filed, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright,

2

Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2. Because Defendants have filed objections to the magistrate judge's report and recommendation, this Court has reviewed the record de novo.

Defendants assign several errors to the report and recommendation. However, each objection is, at its core, a different approach at arguing that the magistrate judge erred in concluding that the Court should not disregard the distinction between the three business entities that made up the Executive Hotel Group, LLC, namely the Dubrinsky Group Limited Partnership ("Dubrinsky Entity"), the Keywell Group Limited Partnership ("Keywell Entity"), and Rogel Hotel, LLC ("Rogel Entity") (collectively "the Entities"), and the parties to this suit. After reviewing the objections, the Court agrees with the magistrate judge and will overrule Defendants' objections.

Defendants argue that the magistrate judge applied the *Nogueras* factors, *see Nogueras v. Maisel & Assoc. of Michigan*, 142 Mich. App. 71, 86 (1985), to the wrong entity, applying it to Executive Hotel Group, LLC, instead of the Entities. In one respect, Defendants are correct. The magistrate judge did analyze the first *Nogueras* factor by erroneously considering whether Executive Hotel Group, instead of the Entities, was acting as the instrumentality of the individual parties to this suit. However, to establish a common identity between the parties to this suit and the Entities, Defendants needed to prevail on all three factors, not just one. Considering the remainder

3

of the magistrate's *Nogueras* analysis, the Court finds the analysis sound.

Furthermore, the Court is convinced that there is no reason to disregard the legal distinctions purposely created between the Entities and the parties to this suit. Each of the parties to this suit signed the Comerica debt guaranty in their individual capacity and as trustee of the respective trusts. There is no reference to the Entities in the guaranty. The Executive Hotel Operating Agreement clearly distinguishes between these individuals and the created Entities. Moreover, the detailed nature of the Executive Hotel Operating Agreement demonstrates that the documents were carefully drafted. These carefully crafted documents reflect a deliberate plan to have distinct legal bodies serve as the guarantors of the Comerica debt and as members of the Executive Hotel Group. Accordingly, the Court cannot assign any meaningful error to the magistrate judge's order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motions for reconsideration [docket entry #15] and to set aside the order [docket entry #14] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' objections [docket entry #13] to Magistrate Judge Whalen's report and recommendation have been considered as timely and are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #11] is **ACCEPTED** and **ADOPTED** as the opinion of this Court, to the extent not inconsistent with this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry #6] is **GRANTED** and Defendant's motion for summary judgment [docket entry #4] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to a proportional contribution from

4

each Defendant for the amounts paid under the guaranty.

**SO ORDERED**.


Dated:   March 11, 2008                                s/Paul V. Gadola
                                                       HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE

| Certificate of Service |
|---|
| I hereby certify that on   March 11, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:     R. Christoher Cataldo; Barry M. Rosenbaum; Carl H. Von Ende        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                     .<br><br>                                                       s/Ruth A. Brissaud<br>                                                       Ruth A. Brissaud, Case Manager<br>                                                       (810) 341-7845 |